UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL F. BORDEN,<br>Petitioner,<br>v.<br>EDWARD BORLA, et al.,<br>Respondents. | No. 2:26-cv-2031 TLN CSK P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and an application to proceed in forma pauperis. Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis is granted. See 28 U.S.C. § 1915(a).

As discussed below, this Court recommends that this action be summarily dismissed.

## I. LEGAL STANDARDS

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Id.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On May 27, 2026, this matter was transferred from the Northern District of California to the Eastern District of California. (ECF No. 13.) Petitioner confirms that he was convicted in

Sacramento County Superior Court in Case No. 07F04303. (ECF Nos. 1 at 1, 2.) Petitioner previously challenged his conviction in Case No. 07F04303 in this court. Borden v. Swarthout, No. 2:14-cv-1400 MCE DMC (E.D. Cal.).[1] Petitioner was convicted in Case No. 07F04303 on July 7, 2008. Id. (ECF No. 1 at 2.) On March 14, 2016, the assigned magistrate judge found as follows. Petitioner's 2008 conviction became final on November 16, 2010, when the petition for certiorari was due. Id. (No. 31 at 4-5). The limitations period expired one year later, on November 16, 2011. Id. (ECF No. 31 at 5). Petitioner filed no collateral state court petitions before his conviction became final, so there was no statutory tolling of the limitations period. Id. In addition, the court found petitioner's actual innocence argument unavailing; petitioner's documents and his own declaration were insufficient to meet the high standard of showing that no reasonable juror would have convicted petitioner even if provided such documents and arguments. Id. (ECF No. 31 at 6-7). On March 31, 2016, the district court adopted the findings and recommendations in full, granting the respondent's motion to dismiss and dismissing the petition as filed beyond the statute of limitations. Id. (ECF No. 33). Petitioner filed a notice of appeal, and the Court of Appeals for the Ninth Circuit denied the request for a certificate of appealability. Id. (ECF Nos. 51, 56.)

On August 12, 2024, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, Third Appellate District. In re Daniel F. Borden on Habeas Corpus, Case No. C101824 (Cal. Ct. Appeal).[2] The state appellate court denied the petition, stating:

> Petitioner provides insufficient specific factual allegations or documentary evidence indicating the judge, an attorney in the case, a law enforcement officer involved in the case, an expert witness, or juror exhibited bias or animus towards the petitioner because of his

---

[1] A court may take judicial notice of court records. See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).

[2] The court may take judicial notice of facts that are "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on official websites. Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010). It is appropriate to take judicial notice of the docket sheet of a California court. White v. Martel, 601 F.3d 882, 885 (9th Cir. 2010). The address of the official website of the California state courts is www.courts.ca.gov.

> race, ethnicity, or national origin. (Pen. Code, § 745, subds. (a)(1) & (h)(2); see also People v. Duvall (1995) 9 Cal.4th 464, 474 [a petition for writ of habeas corpus must allege sufficient facts with particularity and include copies of reasonably available documentary evidence].)

Id.

On September 18, 2024, petitioner filed a petition for writ of habeas corpus in the California Supreme Court, claiming, among other things, that he was entitled to relief under California's Racial Justice Act, which was denied on September 24, 2025. (ECF No. 1 at 74.) In denying the petition, the California Supreme Court found:

> The petition fails to make a prima facie showing of entitlement to relief under the Racial Justice Act. (Pen. Code, § 1473, subd. (e).) The allegations of this petition are wholly unsupported as there is no evidence the trial judge or unnamed police officer made the alleged statements or that the police officer was involved in the case. (Id., § 745, subd. (a)(1)-(2); cf. People v. Duvall (1995) 9 Cal.4th 464, 474 [a habeas petition must include copies of reasonably available documentary evidence]; In re Swain (1949) 34 Cal.2d 300, 304 [a petition for writ of habeas corpus must allege sufficient facts with particularity].) Additionally, petitioner fails to explain impropriety as to the trial judge handling his post-conviction writ matters. Further, the petition fails to allege particularized facts to support claims based on alleged exhibitions of racial bias or animus in the admission or disclosure of evidence. (Ibid.; Pen. Code, § 745, subd. (a)(1) - (2).)

Borden (Daniel Franklin) On H.C., No. S286973 (Cal. S. Ct.); (ECF No. 1 at 74).

## III. DISCUSSION

As discussed below, the petition should be dismissed because any putative federal claim is barred by the statute of limitations, petitioner has not demonstrated he is entitled to a later trigger date for the limitations period, and reliance on the California's Racial Justice Act ("CRJA") is unavailing. In addition, to the extent petitioner challenges the conditions of his confinement[3] or seeks other relief not based on the fact or duration of his confinement, petitioner may not bring such challenges in a petition for writ of habeas corpus.

///

///

[3] In addition, any challenge to his current conditions of confinement must be raised in the Northern District of California.

A. Petitioner's Federal Habeas Claims Are Time-Barred

The claims raised in the petition are unclear. (ECF No. 6 at 5-6.) Petitioner appears to argue that the California Supreme Court failed to file or admit petitioner's affidavit and evidence; separated the response and the affidavit/documentary evidence and only filed the response; ignored petitioner's evidence that petitioner was awarded a pretrial judgment as a matter of law, and he should never have gone to trial; the detectives in this case "pilfered all the exculpatory evidence and all petitioner's property out of their evidence room and actually signed for it, by theft;" and petitioner was illegally committed because the trial court had no jurisdiction. (ECF No. 6 at 5-6.) First, petitioner is advised that this Court has no supervisory role over the California Supreme Court. Thus, petitioner must take up with the California Supreme Court directly any claim petitioner has concerning the misfiling of documents therein. Second, to the extent petitioner seeks to bring federal claims based on incidents that took place prior to and during his criminal trial, such claims are barred by the statute of limitations, as the court in petitioner's prior habeas case explained. Borden v. Swarthout, Case No. 14-cv-1400 MCE DMC (ECF No. 31.)

B. Petitioner is Not Entitled to a Later Accrual Date

To the extent petitioner seeks application of a later accrual date under 28 U.S.C. § 2244(d)(1)(C) to again challenge his 2008 conviction, such application is not available under these circumstances.

If a claim is based upon a constitutional right that is newly recognized and applied retroactively to habeas cases by the United States Supreme Court, the one-year limitations period begins to run on the date which the new right was initially recognized by the Supreme Court. 28 U.S.C. § 2244(d)(1)(C). "In order for a constitutional right newly recognized by the Supreme Court to delay the statute of limitations the right must not only be newly recognized, but must also be retroactively applicable to cases on collateral review." Packnett v. Ayers, 2008 WL 4951230, at *4 (C.D. Cal. Nov. 12, 2008). The one-year statute of limitations "runs from the date the right was initially recognized, even if the [Supreme] Court does not declare that right to be retroactive until later." Johnson v. Robert, 431 F. 3d 992, 992 (7th Cir. 2005) (citing Dodd v.

United States, 545 U.S. 353, 358-60 (2005)); see also Mason v. Almager, 2008 WL 5101012 (C.D. Cal. Dec. 2, 2008) (citing Johnson and Dodd).

Here, to the extent petitioner relies on California's Racial Justice Act, such Act is based on California state law and cannot be relied upon for a later accrual date under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). See 28 U.S.C. § 2244(d)(1)(c). Only the United States Supreme Court can recognize a new rule of constitutional law for the purposes of 28 U.S.C. § 2244(d)(1)(C). See Dodd, 545 U.S. at 358-60 (construing identical language in 28 U.S.C. § 2255 as expressing "clear" congressional intent that delayed accrual is inapplicable unless the United States Supreme Court itself has made the new rule retroactive).

C. Petitioner's Actual Innocence Claim is Successive

To the extent petitioner is attempting to renew his claim of actual innocence, such effort is also unavailing.

Under AEDPA, generally prisoners may file only one petition challenging a state court conviction under § 2254. See 28 U.S.C. § 2244(b)(1)-(2). In order to file a second or successive petition under § 2254, the petitioner must seek authorization from the Ninth Circuit Court of Appeals. See 28 U.S.C. § 2244(b)(3). Failure to secure an order from the Ninth Circuit authorizing the filing of a second or successive petition deprives the district court of subject matter jurisdiction over the petition. Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001), cert. denied, 538 U.S. 984 (2003).

Here, petitioner previously claimed he was actually innocent in his prior habeas petition. See Borden v. Swarthout, Case No. 14-cv-1400 MCE DMC (ECF No. 31 at 6-7). There is no indication that petitioner has authorization from the Ninth Circuit to file a successive petition. Accordingly, the Court lacks jurisdiction to consider his renewed actual innocence claim. Petitioner must first seek authorization from the Ninth Circuit to pursue a renewed actual innocence claim.

D. Petitioner's Reliance on California's Racial Justice Act is Unavailing

Finally, California's Racial Justice Act ("CRJA"), California Penal Code § 745, is solely based on state law, and therefore petitioner's reliance on the Act is unavailing.

Federal habeas corpus relief is available only when a petitioner has been convicted or sentenced in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). It is well-established that alleged state law errors are not cognizable on federal habeas review. See Estelle v. McGuire, 502 U.S. 62, 67 (1991); Lewis v. Jeffers, 497 U.S. 764, 780 (1990). Thus, multiple federal district courts in California have held that CRJA claims are not cognizable on federal habeas review. See Allen v. Guzman, 2025 WL 1122360, at *4 (C.D. Cal. Mar. 12, 2025), findings and recommendations adopted, 2025 WL 1268362 (C.D. Cal. Apr. 30, 2025) 2025 WL 1268362 (C.D. Cal. Apr. 30, 2025) (state court rejection of CRJA claim not cognizable on federal habeas review); Stephens v. Matterson, 2024 WL 5301779, at *3 (C.D. Cal. Aug. 22, 2024), findings and recommendations adopted, 2025 WL 50265 (C.D. Cal. Jan. 7, 2025) ("To the extent Petitioner intends to seek relief directly under the CRJA instead of attacking his post-conviction counsel's performance, Petitioner still cannot state a cognizable habeas claim."); Muniz v. Phillips, 2024 WL 1343127, at *3 (C.D. Cal. Mar. 28, 2024) ("Claims brought under the CRJA are . . . not cognizable under federal habeas review."); Brooks v. McDowell, 2024 WL 536352, at *3 (N.D. Cal. Feb. 9, 2024) ("Claim No. 5 is DISMISSED with prejudice because it only states a claim of state law error—violation of the California Racial Justice Act."); Rose v. Warden, 2023 WL 9601243, at *9 (C.D. Cal. Dec. 26, 2023), findings and recommendations adopted, 2024 WL 520010 (C.D. Cal. Feb. 5, 2024) ("To the extent Petitioner bases his sentencing claim on state court's rejection of his CRJA claim, he fails to present a cognizable federal claim."); Montgomery v. Matteson, 2022 WL 16556042, at *8 (C.D. Cal. Sept. 14, 2022), findings and recommendations adopted, 2022 WL 16556011 (C.D Cal. Oct. 31, 2022) ("[The CRJA claim] involves an alleged application of state law. As such, it fails to present a cognizable federal claim."). Accordingly, petitioner's claim seeking relief under the CRJA should be dismissed because it is based on state law only, which is not cognizable in federal habeas.

IV. PETITIONER'S SUBSEQUENT MOTIONS

A. Motion for Appointment of Counsel

Petitioner requested the appointment of counsel. (ECF No. 8.) There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d

453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the Court does not find that the interests of justice would be served by the appointment of counsel, and his motion is denied.

B. Motions for Relief from Judgment

Petitioner filed two motions for relief from judgment, but both motions are directed to state trial court judgments. (ECF Nos. 12, 16.) This Court does not have jurisdiction to vacate state trial court judgments under Rule 60(b) of the Federal Rules of Civil Procedure. Petitioner's motions should be denied. In one motion, petitioner refers to newly-discovered evidence. (ECF No. 12 at 1.) However, if petitioner has newly-discovered evidence that is attributable to his 2008 conviction, petitioner must move in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3).

C. Request for Hearing

Because this Court recommends dismissal of this action, no hearing is necessary. Petitioner's request for hearing (ECF No. 19) is denied.

V. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's application to proceed in forma pauperis (ECF No. 5) is granted.
2. Petitioner's request for appointment of counsel (ECF No. 8) is denied.
3. Petitioner's request for a hearing (ECF No. 19) is denied.

Further, IT IS RECOMMENDED that:

1. Petitioner's motions for relief from judgment (ECF Nos. 12, 16) be denied; and
2. This action be summarily dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the

specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 14, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/bord2031.56.sol